**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR406** |
| **Plaintiff,** | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **PAUL LEFFLER,** | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 29) issued by Magistrate Judge F.A. Gossett recommending that the Defendant's motion to suppress (Filing No. 15) be granted. No objections have been filed to the Findings and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C).

**FACTUAL BACKGROUND**

Briefly, on September 2, 2009, according to a police memo written by Fremont, Nebraska, Police Officer Velasquez, officers were looking for Paul Leffler. Leffler allegedly possessed two firearms. Later that same day, Officer James Butts saw Leffler's pickup truck in a Walmart parking lot. A passenger in the truck was a woman, Faith Christofferson, who Officer Butts knew had been banned from Walmart for shoplifting. While Christofferson was in the pickup, Officer Butts was concerned for his safety because Christofferson had reached under her seat or to the floor more than once. After Christofferson exited the pickup and was arrested, Butts looked in the pickup where Christofferson was reaching with her hands and spotted a 3- by 2-inch camera case. In Officer Butts's words: "I immediately opened the bag to make sure there wasn't any weapons in there, due to Officer Velasquez's memo. Right on top of the bag was a clear plastic bag that had a white crystal-like substance on the very top of it." (Tr. 13:8-12.)

Leffler, Christofferson, and an individual meeting Leffler at that location were all arrested.

Leffler was charged with possession with intent to distribute 5 grams or more of methamphetamine. He seeks an order suppressing evidence seized during the September 2, 2009, stop, detention, and search.

## DISCUSSION

Judge Gossett concluded: Officer Butts's initial contact with Christofferson was, at a minimum, an investigative detention supported by a reasonable suspicion of criminal activity; and the government did not meet its burden of proving that the evidence was seized under the officer safety exception to the requirement for a search warrant because it was not reasonable to search for firearms inside a 3- by 2-inch camera case.

Notwithstanding the absence of objections, under 28 U.S.C. § 636(b)(1)(C) the Court has conducted a de novo review of the record. The Court has read the parties' briefs and the transcript. The Court has also viewed the evidence. Because Judge fully, carefully, and correctly applied the law to the facts, the Court adopts the Findings and Recommendation in their entirety.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 29) are adopted in their entirety; and
2. The Defendant's motion to suppress (Filing No. 15) is granted.

DATED this 3rd day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge